An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY HERRMANN A/K/A
ANTHONY J. HERRMANN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60912



FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of child neglect or endangerment. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Appellant Anthony Herrmann contends that the district court erred by denying his presentence motion to withdraw his guilty plea. Herrmann claims that his guilty plea was not entered knowingly and voluntarily "because he lacked material information about collateral consequences," specifically, that Child Protective Services "would request that a Family Court judge limit or terminate custody of his children." We conclude that Herrmann is not entitled to relief.

"A district court may, in its discretion, grant a defendant's [presentence] motion to withdraw a guilty plea for any substantial reason if it is fair and just." Woods v. State, 114 Nev. 468, 475, 958 P.2d 91, 95 (1998) (internal quotations omitted). "This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion." Johnson v. State, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007). Here, the district court determined that Herrmann's guilty plea was entered freely and voluntarily and that a potential collateral

13-04664

consequence did not provide a basis for the withdrawal of his plea. We conclude that the district court did not abuse its discretion by denying Herrmann's motion to withdraw his guilty plea. See Palmer v. State, 118 Nev. 823, 826, 59 P.3d 1192, 1194 (2002) ("A defendant's awareness of a collateral consequence is not a prerequisite to a valid plea and, consequently, may not be the basis for vitiating it."); see generally Rubio v. State, 124 Nev. 1032, 1040, 194 P.3d 1224, 1229-30 (2008) (counsel is not deficient for failing to inform a defendant of the collateral consequences of a guilty plea). Accordingly, we

ORDER the judgment of conviction AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Doug Smith, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

